### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF MISSOURI
### ST. LOUIS DIVISION

| | | |
|---|---|---|
| **TODD A. MURRAY AND GEORGE ASTUDILLO CHACON,** | § § § | **CASE NO. _____** |
| *Plaintiff,* | § § | |
| **v.** | § § | **JURY DEMAND** |
| **STATE FARM FIRE & CASUALTY COMPANY,** | § § § | |
| *Defendant.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, TODD A. MURRAY AND GEORGE ASTUDILLO CHACON (hereinafter "Plaintiffs"), by and through their attorney of record, Scott G. Hunziker, and file this action for damages caused by STATE FARM FIRE & CASUALTY COMPANY (hereinafter "Defendant"), and state as follows:

### I.
### PRELIMINARY STATEMENT

1.      This action involves a dispute arising under a policy of property insurance issued by Defendant, State Farm Fire & Casualty, to Plaintiffs, Todd A. Murray and George Astudillo Chacon, related to property losses resulting from a covered weather-related event that occurred on or about October 9, 2017.

2.      This action seeks appropriate remedies and relief with respect to Policy number 25-CF-H922-9 (Exhibit 1, hereinafter the "Policy"), which was in full force and effect at all times material hereto. The covered cause of loss, includes, but not limited to, hail damage that permanently damaged the roof and interior of the property located at 2323 Lafayette Avenue, St.

Louis, Missouri 63104, (hereinafter the "Property"). The subject claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim No. 25181F61.

## II.
## PARTIES

3.      Plaintiffs, TODD A. MURRAY AND GEORGE ASTUDILLO CHACON, are individuals who own the property at issue, which is located within St. Louis County, Missouri.

4.      Defendant STATE FARM FIRE & CASUALTY COMPANY is a foreign corporation incorporated in the state of Illinois with a principal place of business in Bloomington, Illinois. Defendant is engaged in the business of selling insurance policies and adjusting insurance claims, including Plaintiffs' insurance policy and subsequent claim in the State of Missouri. This includes the policy Defendant sold to Plaintiff which is at issue in the present case.  Defendant may be served with process and a copy of this Original Complaint by serving the Director of Insurance, Missouri Department of Insurance, for serving Defendant at One State Farm Plaza, Bloomington, IL 61710, or in any other manner consistent with Missouri law.

## III.
## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      An actual justiciable controversy exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. §§2201 regarding whether Defendant has breached its duties to Plaintiffs in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV.
## FACTS COMMON TO ALL COUNTS

8.     At all times material hereto, Plaintiff was a party to an insurance contract whereby Defendant agreed to insure the Property against property damage, including the damage at issue.

9.     Plaintiffs own the Property at issue, which is located at 2323 Lafayette Avenue, St. Louis, Missouri 63104.

10.     Defendant is an insurance provider selling insurance policies and related coverage within the State of Missouri.

11.     Defendant sells such policies through its authorized agents.

12.     Defendant issued the Policy of insurance to the Plaintiff whereby Defendant agreed to pay for direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy.

13.     The Policy was in in effect when the underlying covered event occurred.

14.     The Policy promised to insure Plaintiffs against damage to the property caused by certain weather-related events.

15.     Pursuant to their obligation as a policyholder, Plaintiffs made complete payments of all related insurance premiums in a timely fashion.

16.     On or about October 9, 2017, Plaintiffs' property sustained significant damage as a result of a covered weather-related event that included ping-pong sized hail and 60 mph winds (Exhibit 2).

17.     Shortly thereafter, Plaintiffs notified State Farm Fire and Casualty Company of the damage to their property, which Defendant acknowledged on October 23, 2017.

18.     On or about November 3, 2017, State Farm Fire and Casualty performed an inspection of the Property. One of Plaintiffs' contractors attended the inspection by State Farm Fire and Casualty and was present when State Farm Fire and Casualty indicated that there was damage to certain areas of Plaintiffs' roof.

19.     On or about November 29, 2017, State Farm Fire and Casualty sent out its engineer with Donan Engineering to re-inspect the property and to contradict the findings of its November 3, 2017 inspection.

20.     In December 2017, State Farm Fire and Casualty issued its first denial related to Plaintiffs' claim.

21.     Plaintiffs ultimately sought assistance from a public adjuster who attempted on their behalf to get State Farm Fire and Casualty to reconsider their claim.

22.     In addition to the above, Plaintiffs' claim was re-assigned to various claims representatives or claim teams at least seven times: on July 23, 2019, August 2, 2019, September 13, 2019, December 16, 2020, and December 18, 2020, March 28, 2021, and April 6, 2021.

23.     State Farm Fire and Casualty denied Plaintiffs' claim once again on January 22, 2021.

24.     Damage to Plaintiffs' property was not caused by the acts or omissions of Plaintiffs.

25.     Damage to Plaintiffs' property and its cause are of the kind specifically covered in Plaintiffs' policy.

26.     Damage to Plaintiffs' property included hail and wind damage to the Property's roof and chimney, and water damage to the interior walls.

4

27.     The damage to Plaintiffs' property occurred during the applicable policy period.

28.     Plaintiffs' written demand for settlement was propounded on Defendant, pursuant to the contract and §375.296 R.S.Mo.

29.     Repair estimates and related damages to the property exceed $517,459.37.

30.     The value of the Property has diminished by an amount to be determined by a jury.

## V.
## CLAIMS AGAINST DEFENDANT

31.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the above paragraphs.

32.     All conditions precedent to recovery by Plaintiffs have been met or have occurred.

33.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, or representatives. Such were done with Defendant's full authorization or ratification and were completed in the normal and routine course and scope of employment with Defendant.

31.     Defendant had and owed a legal duty to Plaintiffs to properly adjust the property damage and other insurance losses associated with the Plaintiffs' property.  Defendant breached this duty in a number of ways, including but not limited to the following:

a.  Defendant failed to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' property loss;

b.  Defendant failed to competently and completely handle and pay all damages associated with Plaintiffs' claim; and

c.  Defendant failed to properly complete all adjusting activities associated with Plaintiffs' claim for damages.

32.    Defendant's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

## A.  BREACH OF CONTRACT

34.    All parties agree that Plaintiffs entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Missouri. The contract outlined obligations to be performed by both Plaintiffs and Defendant, including but not limited to, Plaintiffs paying policy premiums for insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon discovery, as required by the insurance contract with Defendant.

35.    To the contrary, Defendant materially breached the contract by failing to provide adequate coverage following the underlying claim filed by Plaintiffs. Moreover, despite filing a claim which notified Defendant of this loss, Plaintiffs have yet to receive full compensation for their covered damages as required by the insurance contract they purchased.

36.    Pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

37.    Defendant has breached the Policy by failing to pay Plaintiffs all benefits due and owing under the Policy and that there remains due and owing to Plaintiffs in the amount of not less than $517,459.37.

## B.  VEXATIOUS REFUSAL

38.    Defendant has an ongoing contractual duty to Plaintiffs to investigate and settle Plaintiffs' claim in a timely fashion.

39.    Defendant also has a statutory duty to investigate and settle Plaintiffs' claim.

40.    Plaintiffs made good faith demand for settlement pursuant to both the subject Policy and Mo. Rev. Stat. §375.296 and has further provided all necessary documents requested by Defendant.

41.    Defendant has failed to properly investigate and settle Plaintiffs' claim.

42.    Defendant has long known of all of Plaintiffs' damages regarding the present claim, but has improperly investigated and evaluated same, failing to pay the total sum owed.

43.    Defendant's refusal to pay the claim was without reasonable cause or excuse.

44.    Plaintiffs have incurred additional economic damages and attorney fees as a result of Defendant's vexatious refusal.

## VI.
## WAIVER AND ESTOPPEL

45.    Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

46.    Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by the Defendant to Plaintiffs.

## VII.
## DAMAGES

47.    Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

48.    Defendant's acts have been the producing or proximate cause of damage to Plaintiffs. Therefore, Plaintiffs seek an amount in excess of the minimum jurisdictional limits of

this Court, including contractual damages, statutory damages, penalties, interest and reasonable attorney fees pursuant to MO.REV.STAT. §§ 375.296 and 375.420.

49.    Plaintiffs' damages as described in this Complaint are in excess of the amount required for diversity of citizenship jurisdiction in federal court.

## VIII.

## JURY DEMAND

50.    Plaintiffs respectfully request a jury trial upon all issues of fact herein.

## CONCLUSION

Plaintiffs pray that judgment be entered against Defendant, that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, penalty damages, reasonable and necessary attorney fees, court costs, and for all such other further relief, whether pled or unpled within this Original Complaint, to which Plaintiffs may be justly entitled.

Respectfully submitted,

Scott G. Hunziker
Missouri Bar No. 50400
Zerbe, Miller, Fingeret, Frank & Jadav
3009 Post Oak Blvd., Suite 1700
Houston, TX   77056
Telephone: (713) 350-3523
Facsimile: (713) 350-3607
shunziker@ZMFLaw.com

**ATTORNEYS FOR PLAINTIFFS**

Dated: May 7, 2021.